UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DOUGLAS SCHEELS,**

    **Petitioner,**

v.      **CASE NO. 6:17-cv-1850-Orl-41KRS**
    **(6:15-cr-45-Orl-41KRS)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER

THIS CAUSE is before the Court on the following matters:

1. Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 7) is **GRANTED**. Pursuant to Rule 4.07(a), Rules of the United States District Court for the Middle District of Florida, "the party seeking leave to proceed *in forma pauperis* shall pay a stated portion of the Clerk's and/or Marshal's fees within a prescribed time, failing which the action may be dismissed without prejudice." Furthermore, Rule 4.14(b) of the Local Rules provides that a habeas petitioner may be ordered to pay the habeas filing fee if "he has $25.00 or more to his credit . . . in any account maintained for him by custodial authorities." In the instant case, Petitioner's inmate trust fund account indicates that at the time he filed the instant action, he did not have $25.00 to his credit.

2. Petitioner has filed a Motion to Obtain Copy of Complete Docket (Doc. 6). Petitioner requests a copy of all the documents contained in his criminal case. (*Id.* at 1-3).

Pursuant to *Walker v. United States*, 424 F.2d 278 (5th Cir. 1970),

> Title 28 U.S.C. § 2250 provides that only where a petitioner for the writ of habeas corpus has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner entitled to be furnished copies of court

> records without cost. A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching for possible error.

*Id.* at 278-79 (citations omitted). Furthermore, "[f]ees for transcripts furnished in proceedings brought under section 2255 . . . to persons permitted to sue . . . in forma pauperis shall be paid by the United States . . . if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit. . . ." 28 U.S.C. § 753(f).

Petitioner has not specified what documents he needs or why those documents are necessary to decide an issue raised in this action. Instead, Petitioner generally requests all the documents filed in his criminal case. Consequently, the Court concludes Petitioner has not demonstrated that any document, such as his plea or sentencing transcript, is necessary to decide an issue presented. *See United States v. Anderson*, No. 2:94cr163, 1997 WL 138970 (E.D. Va. Mar. 14, 1997) ("[T]here is no constitutional requirement that an indigent collaterally attacking a conviction or sentence be supplied with court documents or transcripts at government expense without a showing of a 'particularized need' for the documents."); *United States v. Reed*, No. 88-468-01, 1989 WL 140493 (E.D. Pa. Nov. 17, 1989) (before the court may order the clerk of court to provide a person with documents under section 2250, several requirements must be met: 1) the filing of a petition for writ of habeas corpus; 2) a court order allowing the petitioner to proceed in forma pauperis; 3) the filing of a request for the documents in the court in which the habeas corpus petition has been filed; and 4) a sufficient explanation of the need for the documents requested so that the court can determine the necessity of providing the requested documents). Accordingly, Petitioner's Motion to Obtain Copy of Complete Docket (Doc. 6) is **DENIED**.

3. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED as moot**. Petitioner has filed an Amended Motion to Vacate, Set Aside, or Correct Sentence (Doc. 5).

4. Upon consideration of Petitioner's Amended Motion to Vacate, Set Aside, or Correct

Sentence ("Amended Motion to Vacate," Doc. 5) and in accordance with the *Rules Governing Section 2255 Proceedings for the United States District Courts*, the Government shall, within **NINETY DAYS** from the date of this Order, file a Response indicating why the relief sought in the Amended Motion to Vacate should not be granted.

As part of the initial pleading, the Government shall:

a. State whether Petitioner has used any other available federal remedies including any prior post-conviction motions and, if so, whether an evidentiary hearing was accorded to the movant in any federal court;

b. <u>State whether there was an appeal-waiver provision if Petitioner entered a plea pursuant to an agreement, and if so, whether the Government relies on the waiver as a defense to any claims collaterally challenging the effectiveness of Petitioner's attorney at sentencing</u>;

c. Procure transcripts and/or narrative summaries in accordance with Rule 5(c) of the *Rules Governing Section 2255 Proceeding for the United States District Courts* and file them concurrently with the initial pleading;

d. Summarize the results of any direct appellate relief sought by Petitioner to include citation references and copies of appellant and appellee briefs from every appellate proceeding;[1]

e. Provide a detailed explanation of whether the motion was or was not filed within the one-year limitation period as set forth in 28 U.S.C. § 2255;

f. State whether the United States Magistrate Judge assigned to this case was involved in Petitioner's criminal proceedings. Respondent has an ongoing duty to inform the Court of such involvement if the case is hereafter reassigned to another judicial officer.

---

[1] The Government shall also indicate whether each claim was raised on direct appeal. <u>If any of the claims were not raised on direct appeal, the Government shall indicate whether it waives the procedural bar defense concerning the failure to raise the claim on direct appeal</u>. *See Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994); *see also Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990). <u>If any of the claims were raised on direct appeal, the Government shall indicate whether it waives the defense concerning the relitigation of claims that were previously raised and disposed of on direct appeal</u>. *See United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).

5. Henceforth, Petitioner shall mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to the Government listed in the bottom of this Order.

6. Petitioner shall advise the Court of any change of address. The failure to do so will result in the case being dismissed for failure to prosecute.

**DONE** and **ORDERED** in Orlando, Florida on January 16, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Office of the United States Attorney
400 W. Washington Street
Suite 300
Orlando, Florida 32801

Counsel of Record
Unrepresented Party
OrlP-1 1/16